UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

KEITER ELIAN RIJO-MORALES,

          Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CR-24 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 3, 2021, Keiter Elian Rijo-Morales ("Defendant") pled guilty to Count One of a two-count Indictment, charging him with importing 500 grams or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960 (a)(1) and 960(b)(2)(B)(ii). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to twenty-four months of incarceration and a $100.00 special assessment fine.

## BACKGROUND

On January 15, 2021, the United States filed a two-count Indictment against Defendant. The first count alleges Defendant imported 500 grams or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii). The second count alleges Defendant possessed cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). The Indictment also contains a criminal forfeiture allegation. *See* ECF No. 5. On August 3, 2021, Defendant pled guilty to Count One of the Indictment. *See* ECF No. 18. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines

sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1. Family and Personal Background

Defendant was born on December 29, 1999 in Santo Domingo, Dominican Republic, to Rafael Rios, a messenger for a private clinic, and Rosalina Morales, a middle school teacher. *See* Presentence Investigation Report ("PSR") ¶ 29, ECF No. 19. Defendant reported a happy upbringing and continues to enjoy the support of his entire extended family. *Id.*

Defendant received his high school diploma from Los Friales Liceo San Francisco De Asis High School in 2018 and earned a computer programmer certificate in 2018. *Id.* ¶¶ 40–41. Defendant also attended an X-Ray Technician course through a local polytechnic school in Santo Domingo but did not complete the course. *Id.* ¶ 42.

### 2. Employment History

In 2020, Defendant worked as a National Police Officer for approximately one year, during which time he was assigned to patrol the Santo Domingo streets. *Id.* ¶ 43. According to Defendant, he was given permission to exit the service with a Dishonorable Discharge upon his request, because the pay was too low. *Id.* Defendant also reported working for a short time as a secretary at a medical clinic between February and April 2020. *Id.* ¶ 44.

### 3. Medical and Mental Health

Defendant is in good physical health and reported no medical problems or history of mental health treatment. *Id.* ¶¶ 36–37.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved the importation of a significant quantity of cocaine. The Court's sentencing will deter others from engaging in similar acts and justly punishes Defendant for his offense.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of importing 500 grams or more of cocaine in violation of 21 U.S.C. §§ 952(a). For this offense, Defendant faces a minimum term of imprisonment of five years, and a maximum term of imprisonment of 40 years, pursuant to 21 U.S.C. § 960(b)(2)(B)(ii). However, because Defendant meets the criteria set forth in 18 U.S.C. §§ 3553(f)(1)–(5), the Court may impose a sentence in accordance with the applicable Guidelines range without regard to any statutory minimum sentence.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id*. § 3553(a)(4)(A).

The applicable guideline for a violation of 21 U.S.C. §§ 952(a) and 960(a)(1) is U.S.S.G. § 2D1.1. This section, by reference to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(7), provides a base offense level of 26 for offenses involving at least 2 but less than 3.5 kilograms of cocaine. The Court finds that Defendant has satisfied all five mitigating factors of Guideline § 5C1.2, and as such, a two-level reduction in offense level is warranted according to U.S.S.G. § 2D1.1(b)(18). Because Defendant was a minimal participant in the offense, a four-level reduction is warranted per U.S.S.G. § 3B1.2(a). As Defendant has clearly demonstrated acceptance of responsibility for his offense, a two-level decrease is warranted under U.S.S.G. § 3E1.1(a). Finally, because Defendant timely notified the Government of his intent to plead guilty, an additional one-level

reduction is warranted per USSG § 3E1.1(b). Accordingly, Defendant's adjusted offense level is 17.

The parties agree Defendant's criminal history category is I. For an offense level of 17 and a criminal history category of I, the Sentencing Guidelines suggest at term of imprisonment of 24 to 30 months. See U.S.S.G. Ch. 5, Pt. A.

Defense counsel urges the Court to impose a sentence of time served, citing Defendant's young age, his status as a first-time offender, the 14 months of home detention to which Defendant has been subject while on bond, his compliance with his release conditions, and the serious collateral consequences of a federal conviction, which in Defendant's case may include removal from the United States. Def. Mem. at 3–4, ECF No. 23.

The Government acknowledges Defendant's minimal participation in the offense, his lack of criminal history, and his acceptance of responsibility but does not agree that this warrants a below-Guidelines sentence, arguing instead that the Guidelines range already appropriately reflects these factors. Gov. Mem. at 3. The Government recommends the Court impose a sentence within the Guidelines range of 24 to 30 months of imprisonment. *Id.*

The United States Probation Department ("Probation") recommends a sentence of 24 months commitment to the custody of the Attorney General. Probation Mem. at 1, ECF No. 19-1. Probation recommends no term of supervised release, given the likelihood that Defendant will be deported upon completion of any custodial sentence as well as his limited ties to the United States. *Id.*

**E. Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply here.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). This factor is not relevant to Defendant's sentence.

## CONCLUSION

The Court finds that a sentence of twenty-four months of incarceration and a $100.00 special assessment is appropriate. This sentence is consistent with and is sufficient but no greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2022
Brooklyn, New York